UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNUM LIFE INSURANCE COMPANY          :
OF AMERICA and PROVIDENT             :
LIFE AND ACCIDENT INSURANCE          :
COMPANY                              :
            Plaintiffs,          :
                         :
v.                                   :          NO. 3:10CV00538 (DJS)
                         :
LAUREN SCOTT, CAROL BRIDGMAN         :
and JAMES BRIAN SCOTT (a/k/a BRIAN   :
J. SCOTT)                            :
             Defendants.          :

MEMORANDUM OF DECISION AND ORDER

      This is an interpleader action filed pursuant to Fed. R. Civ. P. 22[1] by Unum Life

Insurance Company of America and Provident Life and Accident Insurance Company (the

"Plaintiffs") concerning the proceeds of two insurance policies on the life of the late Lee Scott

totaling $ 46,735.00 (the "proceeds"). The total amount available under the Unum Life Insurance

Company of America policy (Unum Group Life Insurance Policy No. 585125-002) is

$ 34,000.000  and the total amount available under the Provident Life and Accident Insurance

Company policy (Provident Basic Life Insurance Policy No. 37319-6980702-D) is $ 12,735.00.

Following the death of Lee Scott in September 2009, competing claims against the proceeds were

filed with the Plaintiffs by Carol Bridgman ("Bridgman"), James Brian Scott (a/k/a Brian J.

Scott) ("J. Scott"), and Lauren Scott (collectively, "the Defendants").  Currently before the Court

is the Plaintiffs' Motion for Order of Interpleader (dkt. # 27) in which the Plaintiffs seek orders

from the Court which would (1) require the Plaintiffs to pay into court the proceeds (including

---

     [1]Fed. R. Civ. P. 22 (a)(1) provides in pertinent part that "[p]ersons with claims that may
expose a plaintiff to double or multiple liability may be joined as defendants and required to
interplead."

interest), minus legal fees and costs incurred by the Plaintiffs, to be deposited by the Clerk in the

Registry Account for the United States District Court for the District of Connecticut;  (2)

discharge the Plaintiffs from further liability as to the proceeds and from this action; (3) award

attorney's fees and costs to the Plaintiffs; and (4) require the Defendants to litigate among

themselves their competing claims against the proceeds. For the reasons that hereafter follow, the

Plaintiffs' Motion for Order of Interpleader (**dkt. # 27**) is **GRANTED in part** and **DENIED in

part**.

JURISDICTION

An interpleader action based upon Fed. R. Civ. P. 22 "does not provide an independent

basis for jurisdiction . . . ." *Correspondent Services Corp. v. First Equities Corp. of Florida*, 338

F.3d 119, 124 (2d Cir. 2003). *See also Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1090

(D. Haw. 2007) ("Subject matter jurisdiction in interpleader actions brought under Rule 22 . . .

must be based on the general jurisdiction statutes applicable to civil actions in federal court."). In

their Complaint, the Plaintiffs allege that "[t]his action arises under the Employee Retirement

Income Security Act of 1974, as amended (ERISA), 29 USC §1001 et seq., because the group

life insurance policy under which benefits are payable was part of an employee benefit welfare

plan. Jurisdiction is based upon 29 U.S.C. § 1132(e)(1). This Court has jurisdiction over an

ERISA benefit action." (Dkt. # 1, ¶ 2.) There is no doubt that this Court has jurisdiction over an

ERISA benefit action initiated by a fiduciary of an ERISA-regulated employee benefit welfare

plan. *See Metropolitan Life Insurance Co. v. Bigelow*, 283 F.3d 436, 439-40 (2d Cir. 2002)

("Initially we note that MetLife and GE, as fiduciaries of the [ERISA-regulated] Plans, had

standing to bring an interpleader action pursuant to Fed. R. Civ. P. 22 . . . and that federal subject

-2-

matter jurisdiction exists under 29 U.S.C. § 1132(e)(1) . . . ."). On the basis of the allegations in the Plaintiffs' Complaint, as well as the information contained in the attachments to the Complaint, it is clear that the Court has jurisdiction under ERISA as to the group life insurance policy issued by Unum.

Because the Plaintiffs' Complaint did not specifically address the issue of subject matter jurisdiction as to the Provident voluntary life insurance policy, the Court directed Provident to file a supplemental memorandum addressing the issue of subject matter jurisdiction as to the Provident policy[2]. The Plaintiffs subsequently filed a supplemental memorandum (dkt. # 35) and on the basis of that submission the Court concludes that the Provident voluntary life insurance policy was a benefit provided through the auspices of Lee Scott's employer, the Mashantucket Pequot Tribal Nation, to supplement  the group life insurance coverage provided by that employer. The Court further concludes that both the Unum group life insurance policy and the Provident voluntary life insurance policy were components of an overall employer plan to provide benefits to its employees that satisfies the requirements of ERISA. For that reason, the Court has jurisdiction over both components of that plan, i.e., both the Unum group life insurance policy and the Provident voluntary life insurance policy.

STANDARD

"Under Rule 22, interpleader is proper if the party requesting it is or may be exposed to double or multiple liability. Rooted in equity, interpleader is a handy tool to protect a stakeholder

---

[2]Although no party has contested the Court's jurisdiction over the Plaintiffs' interpleader action, the Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Jennifer Matthew Nursing and Rehabilitation Center v. United States Department of Health and Human Services*, 607 F.3d 951, 955 (2d Cir. 2010) (internal quotation marks omitted).

from multiple liability and the vexation of defending multiple claims to the same fund. "

*Washington Electric Coop, Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir.

1993) (citation and internal quotation marks omitted). "The test for determining whether an

interpleader action should be allowed is whether the stakeholder legitimately fears multiple

vexation directed against a single fund. When applying this test, the merits of the claims need not

be analyzed to determine whether the stakeholder has a legitimate fear because, short of a plainly

frivolous claim, a court's interpleader jurisdiction is not dependent on the merits of the adverse

claims." *Krishna v. Colgate Palmolive Co.*, No. 90 Civ. 4116 (CSH), 1991 U.S. Dist. LEXIS

8912, at * 6  (S.D.N.Y. July 2, 1991) (citation and internal quotation marks omitted).

"[I]nterpleader actions are especially designed to advance the interests of wise judicial

administration and should be furthered whenever possible". *Zellen v. Second New Haven Bank*,

454 F. Supp. 1359, 1365 (D. Conn. 1978).

DISCUSSION

The Plaintiffs have made it clear that they "claim no interest in or right to death benefits

on the life of Lee Scott" beyond their status as stakeholders. (Dkt. # 27-1, at 5.) It is undisputed

that competing claims for the proceeds were filed with the Plaintiffs by the Defendants and that

the Defendants have not reached an agreement as to the disbursement of the proceeds. Under

these circumstances, the court concludes that the Plaintiffs have demonstrated that they are

entitled to an order of interpleader which will relieve them from liability as to the proceeds at

issue.

In addition to requesting an order relieving them from liability, the Plaintiffs have also

requested that they be awarded attorney's fees and costs incurred in connection with this action.

While no defendant has opposed the Plaintiffs' request for an order relieving them from liability, the defendants Bridgman and J. Scott object to the Plaintiffs' request for an award of attorney's fees and costs.

"Attorneys' fees and costs are awarded to an innocent and otherwise disinterested stakeholder who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him. However, in cases in which the claims are of the type that arise in the ordinary course of business, fees should not be granted perfunctorily. Such is a cost of doing business which should not be transferred by invoking interpleader. Conflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business. Interpleader relieves the insurance company of multiple suits and eventuates in its discharge. Accordingly, the action is brought primarily in the company's own self-interest." *Companion Life Insurance Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y. 1977) (citations omitted).

The court agrees that conflicting claims to the proceeds of insurance policies are normal risks of the insurance business and that the Plaintiffs' interpleader action is brought primarily in their own self-interest. Additionally, the court notes that the Plaintiffs have proposed deducting the amount of their legal fees and costs from the total amount of the proceeds to be deposited with the court. "[C]onsidering the equitable nature of interpleader relief and the relatively small amount of funds available to the . . . vying claimants, this court is of the opinion that it would be unfair and inequitable to deplete the monies [that will be] held by this court." *Manitowoc Engineering Co. Salaried Employees' Deferred Profit-Sharing Plan v. Powalisz*, No. 85-C-534, 1986 WL 2605, at * 7 (E.D. Wis. Feb. 12, 1986). Accordingly, the court denies the Plaintiffs'

request for an award of attorney's fees and costs.

CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Order of Interpleader (**dkt. # 27**) is **GRANTED in part** and **DENIED in part**. The court hereby **ORDERS** the following:

1. The plaintiff Unum Life Insurance Company of America shall forthwith pay into court the amount of $ 34,000.00, plus interest under applicable law to the date of payment, to be deposited by the Clerk in the Registry Account for the United States District Court for the District of Connecticut. Upon verification of payment into court in accordance with the terms of this Order, the plaintiff Unum Life Insurance Company of America shall be discharged from further liability as concerns the proceeds of Unum Group Life Insurance Policy No. 585125-002 and from this action.

2. The plaintiff Provident Life and Accident Insurance Company shall forthwith pay into court the amount of $ 12,735.00, plus interest under applicable law to the date of payment, to be deposited by the Clerk in the Registry Account for the United States District Court for the District of Connecticut. Upon verification of payment into court in accordance with the terms of this Order, the plaintiff Provident Life and Accident Insurance Company  shall be discharged from further liability as concerns the proceeds of Provident Basic Life Insurance Policy No. 37319-6980702-D and from this action.

3. The Defendants, Lauren, Carol Bridgman, and James Brian Scott (a/k/a Brian J. Scott) shall litigate among themselves their competing claims to the proceeds payable under Unum

Group Life Insurance Policy No. 585125-002 and Provident Basic Life Insurance Policy No.

37319-6980702-D.


SO ORDERED this 24th  day of January, 2012


_____/s/ DJS_____
                    Dominic J. Squatrito
                    United States District Judge